THE FOLLOWING ORDER
IS APPROVED AND ENTERED
AS THE ORDER OF THIS COURT:

DATED: October 26, 2018



G. Michael Halfenger
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

In re:

    Emigdio Flores-Chaidez,　　　　　　　　　Case No. 17-29997-GMH
　　　　　　　　　　　　　　　　　　　　　　　　Chapter 13
    Debtor.

Emigdio Flores-Chaidez,

    Plaintiff,

    v.　　　　　　　　　　　　　　　　　　　Adv. Proc. No. 18-2084-GMH

City Of Milwaukee,

    Defendant.

### DECISION AND ORDER

In March 2017, the City of Milwaukee brought an *in rem* action in the Wisconsin Circuit Court for Milwaukee County to foreclose certain unpaid tax liens on parcels of

property in the city. See *In re Foreclosure of Tax Liens*, No. 2017CV2457 (Wis. Cir. Ct. Milwaukee Cty.); see also Wis. Stat. §75.521. That July, the state court vested the City with title to various parcels, including property located at 1978 South 6th Street. That October, the previous owner of the property, Emigdio Flores-Chaidez, filed a voluntary petition under chapter 13, commencing the underlying bankruptcy case.

In March 2018, Flores-Chaidez filed an adversary complaint, commencing this proceeding. He seeks to avoid the transfer of his property to the City under §§548(a) and 522(h) of the Bankruptcy Code. In September, Flores-Chaidez filed a motion for summary judgment with supporting affidavits and documents. The City responded that it "does not dispute the contents of any of the filed affidavits" and does not "have any evidence to offer in respect of the Motion." CM-ECF Doc. No. 9. The City's response shows that there are "no genuine dispute[s] as to any material fact[s]". Fed. R. Civ. P. 56(a); Fed. R. Bankr. P. 7056. The only remaining issue is whether Flores-Chaidez "is entitled to judgment as a matter of law". Fed. R. Civ. P. 56(a); Fed. R. Bankr. P. 7056.

I

Section 548(a) states, "The trustee may avoid any transfer . . . of an interest of the debtor in property . . . that was made . . . within 2 years before the date of the filing of the petition, if the debtor" (1) "received less than a reasonably equivalent value in exchange for such transfer" and (2) "became insolvent as a result of such transfer". 11 U.S.C. §548(a)(1)(B). Section 522(h) provides that, if a "transfer is avoidable by the trustee" under §548, but "the trustee does not attempt to avoid such transfer", the debtor can avoid the transfer to the extent that he could have exempted the transferred property had the trustee avoided the transfer. In other words, §522(h) gives "the debtor . . . the opportunity to recover otherwise exempt assets from creditors who have received avoidable transfers." 4 *Collier on Bankruptcy* ¶522.12[2][a] (Richard Levin & Henry J. Sommers eds., 16th ed. 2018). The trustee "do[es] not intend to pursue the . . . claim against the City", CM-ECF Doc. No. 8-6, so the debtor may do so himself.

The debtor's filings on summary judgment, to which the City declined to respond, show that the state court transferred the debtor's property to the City less than 2 years before the debtor filed his chapter 13 petition; the value of the property was $75,000, but it was transferred in satisfaction of $9,778.46 in delinquent property taxes, which is less than a reasonably equivalent value; and the transfer left the debtor insolvent—i.e., in a "financial condition such that the sum of [his] debts [was] greater than all of [his] property, at a fair valuation," after excluding certain property. See 11 U.S.C. §101(32)(A) (defining "insolvent"); CM-ECF Doc. No. 8-2 (affidavit of the debtor); CM-ECF Doc. No. 8-3 (affidavit of licensed real estate broker James Geracie); CM-ECF Doc. No. 8-5, at 5 (listing the debtor's debts and assets pre- and post-transfer). Thus, the transfer of the debtor's property to the City is avoidable by the trustee under §548(a), and as discussed above, the debtor can avoid the transfer under §522(h) to the extent that he could have exempted the property had the trustee avoided the transfer.

Had the trustee avoided the transfer, the debtor could have exempted his interest in the property, which he uses as a residence. See 11 U.S.C. §522(d)(1) & n.1; see also *Collier on Bankruptcy*, *supra*, ¶522.09[1]. The debtor's schedules in the underlying case show that he had equity in the property that he could have exempted. See Case No. 17-29997, CM-ECF Doc. No. 7, at 3 (listing the property with a value of $75,000); *id.* at 11 (listing a claim of exemption in the amount of $11,825 under §522(d)(1)); *id.* at 14–15 (listing the City with two claims secured by the property in the amounts of $7,514.59 and $2,263.87 and a mortgage creditor with a claim secured by the property in the amount of $59,831.70); see also *Collier on Bankruptcy*, *supra*, ¶522.09[1] (explaining that exemptions only apply to the "the debtor's equity in the property").

II

Where a debtor avoids a transfer under §522(h), he can "recover in the manner prescribed by, and subject to the limitations of, [11 U.S.C. §550], the same as if the trustee had avoided such transfer". 11 U.S.C. §522(i)(1). Under §550, "to the extent that a

transfer is avoided under [§548] . . . , the trustee may recover . . . the property transferred, or, if the court so orders, the value of such property, from . . . the initial transferee of such transfer". 11 U.S.C. §550(a)(1). The City does not dispute the debtor's assertion that it is the initial transferee of the transfer at issue, and nothing in the record suggests otherwise. Moreover, the City does not object to the debtor's request to recover his property, rather than its value, as §550 permits.

III

Therefore, based on the record and for the reasons provided above,

IT IS ORDERED that the debtor's motion for summary judgment is granted.

The clerk is directed to enter judgment in favor of the plaintiff-debtor and against the defendant, the City of Milwaukee, providing that the state court's transfer of the debtor's homestead to the City is avoided and the debtor owns the property.

#####